**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-61034-MIDDLEBROOKS/AUGUSTIN-BIRCH**

MANUEL RIVERA DEL BARRIO,

      Petitioner,

v.

TODD BLANCHE, *et al.*,

      Respondents.

_____/

**REPORT AND RECOMMENDATION ON**
**PETITION FOR WRIT OF HABEAS CORPUS**

This cause comes before the Court on Petitioner Manuel Rivera Del Barrio's Petition for Writ of Habeas Corpus. DE 1. The Honorable Donald M. Middlebrooks, United States District Judge, referred the Petition to the undersigned United States Magistrate Judge to take all action required by law. DE 4. Respondents filed a response to the Petition, and Petitioner filed a reply and a notice of supplemental authority.[1] DE 6; DE 8; DE 9. The Court has carefully considered the briefing and the record and is otherwise fully advised.

Petitioner contends that he is being held at the Broward Transitional Center under an immigration detainer and has been denied a bond hearing. He contends that his continued detention violates the Immigration and Nationality Act, the Administrative Procedures Act, and his right to due process under the Fifth Amendment to the United States Constitution. Respondents assert that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and does not have a right to bond or a bond hearing. *See* 8 U.S.C. § 1225(b)(2)(A) (providing that "in the

---

[1] Petitioner also filed a Motion for Leave to File Reply. DE 7. That Motion is **GRANTED**, and the Court accepts the reply at docket entry 8.

case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained").

The Eleventh Circuit Court of Appeals has rejected Respondents' position.  The Eleventh Circuit has ruled that individuals who are arrested in the interior of the United States, rather than at the border, and are not taking cognizable steps to obtain the rights and privileges of lawful entry are not "seeking admission," and so § 1225(b)(2)(A) does not apply to them.  *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, Nos. 25-14065, 25-14075, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026) (explaining that § 1225(b)(2)(A) "limits no-bond detention to applicants for admission who are 'seeking admission,' and on the facts of this case, neither Petitioner was seeking lawful entry into the United States after inspection by an immigration officer when he was arrested, nor was either Petitioner taking any cognizable step to obtain the rights and privileges of lawful entry"); *id.* at *13 ("The text of § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States. . . . As we see it, § 1225(b)(2)(A) does not apply to Petitioners or to other present aliens not seeking admission.").  The detention of those individuals is instead governed by 8 U.S.C. § 1226, which generally enables an alien awaiting a removal decision to be released on bond.  *Id.* at *15 (stating that "the provisions of § 1226 set out a general rule of detention for aliens—like Petitioners—who are suspected of being unlawfully in the interior, granting [the Department of Homeland Security] authority to detain those aliens at its discretion pending removal proceedings, subject to the bond and conditional parole provisions"); 8 U.S.C. § 1226(a)(2)(A).

Based on the facts before the Court, Petitioner was arrested in the interior of the United States and is not taking cognizable steps to obtain the rights and privileges of lawful entry.  Under

2

binding 11th Circuit precedent, § 1226 governs his detention.  And under § 1226(a), he should receive a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).  The Court therefore **RECOMMENDS** that the Petition [DE 1] be **GRANTED** insofar as Respondents be ordered to, within seven days, either afford Petitioner an individualized bond hearing before an Immigration Judge or release him.

While a party normally has fourteen days to serve and file written objections to any of the findings and recommendations in a report and recommendation, *see* 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a), this case warrants a shorter objection period.  Within **seven days** of being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations.  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of May, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE